

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT E.D. N.Y:
★ MAY 23 2008 ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                 Plaintiff                               08 CR 30 (SJ)

   -against-                                **MEMORANDUM**
                                                       **AND ORDER**
TROY CULBERTSON,

                 Defendant.
----------------------------------------------------------X
A P P E A R A N C E S
UNITED STATES ATTORNEY
Benton J. Campbell
United States Attorney
225 Cadman Plaza East
Brooklyn, New York 11201
By:    Stephen J. Meyer, Esq.
Attorney for Plaintiff

FEDERAL DEFENDERS OF NEW YORK, INC.
16 Court Street, Room 1210
Brooklyn, NY 11241
By:    Allen Lashley, Esq.
Attorney for Defendant

JOHNSON, Senior District Judge:

       Presently before the Court is a motion submitted by defendant Troy

Culbertson ("Defendant") to dismiss the superseding indictment as against him.

While Defendant is represented by counsel, he submitted this motion *pro se*.

Defendant argues, *inter alia*, that the government failed to properly and timely

indict him in the case at bar. Defendant claims that since he was not named in the

original indictment, the subsequent superseding indictment which lists him as a

defendant, is in violation of his constitutional rights. For the reasons set forth below, Defendant's motion to dismiss is DENIED.

An indictment or information charging a defendant with the commission of an offense must be filed within thirty days from the date on which the individual was arrested. See 18 U.S.C. §3161(b). Notwithstanding the foregoing, 18 U.S.C. 3161(h) provides for permissible periods of delay which shall be excluded in computing the time within which an indictment or information must be filed. Notably, a period of delay which results from a continuance granted by a judge based on a finding that the ends of justice will be served by the delay, is one such permissible period. See 18 U.S.C. §3161(h)(8)(A).

In the case at bar, defendant was arrested on January 10, 2008, pursuant to a criminal complaint. On February 6, 2008, approximately 27 days later, the duty magistrate judge, pursuant to an agreement between the parties, ordered that time should be excluded until March 7, 2008. Pl. Resp. to Def. Mot. to Dismiss ("Pl. Resp."), at 2, April 16, 2008. The exclusion of time was ordered in light of "the efforts of the parties to resolve the case through a plea agreement prior to indictment." Id. The magistrate judge ordered the government to indict Defendant by the end of the excluded period. The government complied with this order and indicted the defendant on March 7, 2008. As noted by the government, even if one includes February 6, 2008 – the date on which the magistrate judge granted an exclusion of time – only twenty-eight days passed between the defendant's arrest

and his indictment. Thus, the government has complied with the requirements outlined in 18 U.S.C. § 3161(b).

Defendant's arguments to the contrary are inapposite. The Defendant claims that the superseding indictment was inappropriately filed as to him since he was not named in the original indictment. As stated by the government, "[w]ith respect to the defendant Culbertson, the indictment filed on March 7, 2008 is the initial indictment. It is termed a 'superseding' indictment only because it supersedes the previous indictment against his co-defendants. The fact that it is called a 'superseding' indictment does not change the manner in which the indictment was obtained." Pl. Resp. at 2.

Defendant further argued that the absence of an original indictment against him resulted in insufficient notice of the crimes with which he was charged. However, Defendant rests his arguments on inapplicable case law. Specifically, the cases cited by the Defendant address superseding indictments which were obtained *after* the statute of limitations had expired for the crimes charged and where the government relied on the date of the *original* indictment in order to remedy the statute of limitations. For example, the Defendant cites <u>United States v. Schmick</u>, a case in which the statute of limitations applicable to the offenses charged had expired in the time period between the initial and the superseding indictment. The court had to determine whether or not the superseding indictment "broaden[ed] or substantially amend[ed] the charges" that were made in the original indictment. 904 F.2d 936, 940 (5th Cir. 1990). In the case at bar, the statute of limitations is not an

issue because the offenses covered in the superseding indictment issued on March 7, 2008 were charged well within the statute of limitations. Similarly, the other cases relied upon by defendant deal with aspects of superseding indictments that are irrelevant to the case at bar.

For the foregoing reasons, Defendant's Motion to Dismiss the superseding indictment against him is DENIED.


SO ORDERED.                    /s/(SJ)

Dated: May 14, 2008            _____
       Brooklyn, NY            Senior United States District Judge